```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                            CRIMINAL ACTION NO. 2:11-0029

**JENNIFER BRICK**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On July 11, 2013, the United States of America appeared by Monica D. Coleman, Assistant United States Attorney, and the defendant, Jennifer Brick, appeared in person and by her counsel, Lex A. Coleman, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Douglas W. Smith.  The defendant commenced a three-year term of supervised release in this action on August 8, 2011, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on August 4, 2011.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant committed the state and local offense of shoplifting as evidenced by her guilty plea on April 22, 2013, in St. Albans, West Virginia, Municipal Court, for which she was sentenced to pay a $250 fine and $78 in court costs; (2) the defendant used and possessed controlled substances as evidenced by positive urine specimens submitted by her on February 12, 2013, the defendant having admitted to the probation officer on February 28, 2013, that she had used Roxicodone and Opana without a valid prescription; on March 14, 2013, for oxymorphone, the defendant having admitted to the probation officer on March 26, 2013, that she was using Opana and Suboxone without valid prescriptions; on April 11 and 25, and May 3, 2013, for oxymorphone, the defendant having admitted to the probation officer on May 10, 2013, that she had used Opana intravenously; and on June 5, 2013, for buprenorphine, the defendant having admitted to the probation officer that same date that she had used Suboxone on May 25, 2013; (3) the defendant failed to appear for urine collections on August 6 and September 1, 2012, and January 8 and February 1,

2013; (4) the defendant failed to participate in drug treatment program as instructed inasmuch as she entered the Renaissance inpatient drug treatment program on May 25, 2013, and was discharged on June 4, 2013, for providing a positive urine specimen; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant is in need of correctional treatment which can most effectively be provided if she is confined, it is accordingly ORDERED that the defendant be, and she hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of FOUR

(4) MONTHS, to be followed by thirty-two (32) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that immediately upon her release she shall participate in an intensive drug abuse counseling and treatment program, including inpatient treatment, for a period of four months, as directed by the probation officer. The defendant shall, beginning five months after the commencement of supervised release, make monthly payments of $15 toward the special assessment balance of $90, with payment due on the first day of each month until paid in full.

    The defendant was remanded to the custody of the United States Marshal.

    The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: July 12, 2013

John T. Copenhaver, Jr.
United States District Judge

4